UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

JAMES BAKER
JAQUELYN BAKER,

    Debtor.
_____/

Case No.: 6:24-BK-04226-GER
Chapter 7

MASSEY SERVICES, INC.,

    Plaintiff,
vs.

JACQUELYN BAKER (f/k/a Jacquelyn Turnage),

    Defendant.
_____/

Adv. Pro No: _____

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2), (4), and (6)

MASSEY SERVICES, INC. ("Massey"), creditor in the above-captioned case, by and through the undersigned attorneys, hereby files this *Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2), (4), and (6)* (the "Complaint") against Defendant/Debtor, JACQUELYN BAKER (f/k/a Jacquelyn Turnage), and alleges as follows:

### GENERAL ALLEGATIONS

1. On August 13, 2024, the Debtors filed a voluntary bankruptcy petition under Chapter 7 of the United States Bankruptcy Code, in Case No. 6:24-BK-04226-GER, in the Orlando Division of the United States Bankruptcy Court for the Middle District of Florida.

2. The last day to file a complaint to object to the dischargeability of a debt of a kind specified in 11 USC § 523(a)(2), (4), or (6) is November 26, 2024.

1

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

4. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

6. Massey is a Florida corporation primarily in the business of pest control and prevention with its principal office located at 315 Groveland Street, Orlando, Florida, 32804. Massey consents to the entry of a final judgment by this Court.

7. Mrs. Baker is an individual, residing at 5988 Sawgrass Point Drive, Port Orange Florida.

## MRS. BAKER'S ACTIONS

8. On or about May 22, 2023, Mrs. Baker (then Ms. Turnage) became employed by Massey as a Commercial Account Manager.

9. On or about May 22, 2023, Mrs. Baker executed the valid and enforceable *Non-Competition, Non-Solicitation and Confidentiality Agreement (Florida)* with Massey (the "Agreement") containing numerous provisions governing Mrs. Baker's conduct as an employee of Massey as well as her post-employment conduct. A true and correct copy of the Agreement is attached hereto as **Exhibit A**.

10. On or about May 15, 2024, Massey terminated Mrs. Baker's employment as a result of her numerous breaches of the Agreement as described herein—including but not limited to, for misappropriating Massey's confidential information, for competing directly with Massey in secret, and soliciting Massey's customers—among other things.

11. Since her employment was terminated, Mrs. Baker has continued to engage in such conduct, has defamed Massey, and has destroyed property belonging to Massey.

2
0045301\206506\14386390v2

12. By correspondence dated May 15, 2024, Massey demanded that Mrs. Baker cease-and-desist from her unlawful conduct, though Mrs. Baker ignored this correspondence. A true copy of said correspondence[1] is attached hereto as **Exhibit B**.

13. Massey has engaged the undersigned counsel and has agreed to pay a reasonable fee for professional services rendered in connection with this action.

14. Massey has complied with all conditions precedent to the filing of this complaint, or such conditions have otherwise been waived or discharged.

**COUNT I**
**MRS. BAKER'S ACTIONS CONSTITUTE FALSE PRETENSES, FALSE REPRESENTATIONS OR ACTUAL FRAUD UNDER 11 U.S.C. § 523(a)(2)(A)**

15. Massey incorporates the allegations set forth in paragraphs 1 through 14 above as if fully set forth herein.

16. Section 523(a)(2)(A) provides that "A discharge under section 727. . . of this title does not discharge an individual debtor from any debt… for money… to the extent obtained by false pretenses, a false representation, or actual fraud..."

17. During her employment with Massey, Mrs. Baker was permitted to utilize a company automobile owned by Massey pursuant to the terms and conditions of that certain *Vehicle Responsibility Agreement* dated May 19, 2023, a true and correct copy of which is attached hereto as **Exhibit C**.

18. Section V.A of the Vehicle Responsibility Agreement prohibits personal use of the vehicle without approval.

---

[1] As a result of their highly confidential and proprietary nature, the exhibits to the May 15, 2024, letter are not attached and certain portions of the letter are redacted; the complete unredacted letter is available to the Court for an *in camera* review upon request.

19. During her employment with Massey, Mrs. Baker engaged in significant personal use of her company-issued automobile without Massey's knowledge or consent.

20. Mrs. Baker knowingly submitted fuel transactions for reimbursement from Massey whereby she represented these trips as work-related when they were in fact personal in nature.

21. Such reimbursement requests were based on false pretenses, false representations, or actual fraud, upon which Mrs. Baker intended Massey to rely in making reimbursements.

22. Massey relied upon the Mrs. Baker's representations and reimbursed Mrs. Baker for those fuel transactions, thus damaging Massey.

23. Accordingly, Mrs. Baker is liable to Massey for all such improper reimbursements and such debt is non-dischargeable pursuant to 11 §523(a)(2).

WHEREFORE, MASSEY SERVICES, INC. requests that this Court enter a judgment in favor of Massey and against Mrs. Baker in amounts to be proven, plus interest and costs, and declare that Mrs. Baker's debt to Massey is non-dischargeable pursuant to 11 U.S.C. §523(a)(2).

## COUNT II
## MRS. BAKER'S ACTIONS CONSTITUTE EMBEZZLEMENT OR LARCENY UNDER 11 U.S.C. § 523(a)(4)

24. Massey incorporates the allegations set forth in paragraphs 1 through 14 above as if fully set forth herein.

25. Section 523(a)(4) of the Bankruptcy Code provides that "A discharge under section 727. . . of this title does not discharge an individual debtor from any debt… for… embezzlement, or larceny."

26. Sections 2A, 2B(i), and 2C of the Agreement contain lawful and valid provisions concerning Massey's confidential information and Mrs. Baker's continuing obligations with respect to same.

27. Notwithstanding her confidentiality obligations pursuant to the Agreement, beginning on or about April 30, 2024, and prior to her termination, Mrs. Baker sent numerous confidential and proprietary documents of Massey's from her Massey work email address to her personal email address, jacquelyn.driver@gmail.com. True and correct copies of emails evidencing that Mrs. Baker sent same from her Massey email address to her personal email are attached hereto as **Composite Exhibit D** (collectively, the "Misappropriated Documents").[2]

28. The Misappropriated Documents include, but are not limited to:

    (i) the contract pricing sheet for a high value Massey client containing the confidential and proprietary price lists for various services Massey provides to this particular client;

    (ii) Massey's template start sheet, which is utilized to gather new customer information necessary to commence the engagement;

    (iii) The rate card, master store directory, and other information relating to a high value Massey client, which includes the price lists for various services provided; a list of dozens of service locations, client contact information for each location, and pricing information per location; and high value operational and logistical guidelines for serving this specific client;

    (iv) Massey's Vendor Requirements sheet, which contains Massey's minimum requirements to engage a vendor for subcontracting work; and

    (v) Massey's template vendor agreement, among other things.

29. The Misappropriated Documents constitute "Confidential Information" within the meaning of the Agreement and are subject to the terms and conditions of the Agreement identified above, including but not limited to, the obligation not to remove such documents from Massey's premises, to hold them in strict confidence, and not to improperly use or disclose such information to any third parties.

---

[2] As a result of their highly confidential and proprietary nature, the Misappropriated Documents attached to these emails are not attached, but are available in unredacted form to the Court for an *in camera* review upon request.

30. The Misappropriated Documents constitute trade secrets because they (a) derive independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from their disclosure or use; and (b) they are subject of efforts that are reasonable under the circumstances to maintain their secrecy.

31. Massey took reasonable steps to protect the secrecy of the Misappropriated Documents, including but not limited to, requiring employees—including Mrs. Baker—to sign the Agreement, which contains extensive confidentiality provisions designed to protect the secrecy of the Misappropriated Documents.

32. Mrs. Baker's acquisition of the information constitutes misappropriation within the meaning of Section 688.002(2)(a), *Florida Statutes*, because Mrs. Baker obtained it through improper means, including but not limited to, theft and/or in breach of Mrs. Baker's duty to maintain the secrecy of such information pursuant to the confidentiality provisions of the Agreement.

33. Moreover, because Mrs. Baker knew at the time of her disclosure and use of the Misappropriated Documents that her knowledge of same was acquired as a result of her employment by Massey while she was under a duty to maintain its secrecy pursuant to the Agreement, Mrs. Baker's disclosure and use of the Misappropriated Documents also constitutes misappropriation within the meaning of Section 688.002(2)(b), *Florida Statutes*.

34. Massey did not authorize Mrs. Baker to share this information with anyone outside the scope of her duties as an employee, including the forwarding of same to her personnel email address.

6
0045301\206506\14386390v2

35. Mrs. Baker's disclosure of the Misappropriated Documents from her work email address to her personal email address is a material breach of the confidentiality provisions of the Agreement, which has caused Massey damages.

36. Mrs. Baker's actions were willful and malicious, Massey also seeks an award of exemplary damages pursuant to Section 688.004(2), *Florida Statutes*, plus an award of its reasonable attorneys' fees pursuant to Section 688.005, *Florida Statutes*.

37. The foregoing actions constitute embezzlement or larceny, for which Massey has suffered actual damages in an amount to be proven.

WHEREFORE, MASSEY SERVICES, INC. requests that this Court enter a judgment in favor of Massey and against Mrs. Baker in amounts to be proven, plus interest and costs, award Massey its reasonably attorneys' fees, and declare that Mrs. Baker's debt to Massey is non-dischargeable pursuant to 11 U.S.C. §523(a)(4).

## COUNT III
## MRS. BAKER'S ACTIONS CONSTITUTE WILLFUL
## AND MALICIOUS INJURY UNDER 11 U.S.C. § 523(a)(6)

38. Massey incorporates the allegations set forth in paragraphs 1 through 14 above as if fully set forth herein.

39. Section 523(a)(6) of the Bankruptcy Code provides that "A discharge under section 727. . . of this title does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity."

40. Mrs. Baker's actions described in paragraphs 26 through 36 above, which are incorporated herein by reference, were willful and malicious and caused the intended injury to Massey.

41. In addition, Mrs. Baker has further willfully and maliciously damaged Massey as set forth below.

7

NON-SOLICITATION & NON-COMPETITION

42. Section 3A(i) of the Agreement contains a lawful and valid non-solicitation provision governing certain solicitations of Massey's customers by Mrs. Baker for a period of two years following her employment with Massey.

43. Section 3A(ii) of the Agreement contains a lawful and valid non-competition provision governing certain competition by Mrs. Baker for a period of two years following her employment with Massey.

44. Since at least 2023, and while employed by Massey, Mrs. Baker has been operating a business in competition with Massey—JACQUELYN TURNAGE, PA (the "Unlawful Business")—during and subsequent to her employment with Massey.

45. Mrs. Baker is the President and sole owner of the Unlawful Business.

46. Based on information and belief, Mrs. Baker has been willfully and maliciously utilizing the Misappropriated Documents in the operation of the Unlawful Business and has been soliciting, or attempting to solicit, and providing, or attempting to provide, services to Massey's customers in direct competition with Massey, in order to unlawfully poach Massey's high-value clients for her own pecuniary gain and to Massey's detriment.

47. For instance, Massey has obtained numerous emails evidencing that Mrs. Baker has, or has attempted to, sub-contract work outside of Massey to the two (2) high-value Massey clients whose information is reflected in the Misappropriated Documents in various territories where Massey either does not offer service, Massey's records do not indicate that it was engaged to provide these services, or both, in violation of both the confidentiality provisions and non-competition provisions of the Agreement.[3]

---

[3] Massey has not attached these email correspondences to this Complaint given the sensitive client data therein but can make them available to the Court for an *in camera* review upon request.

48. Massey also has no record of any requests by Mrs. Baker to add additional subcontractors in these areas on Massey's behalf; accordingly, Mrs. Baker was not engaged in such actions in her capacity as a Massey employee.

49. Instead, Mrs. Baker has been utilizing, and continues to utilize, Massey's confidential and proprietary information in the operation of the Unlawful Business, including but not limited to, the Misappropriated Documents, in order to compete with Massey without Massey's knowledge or permission.[4]

### Non-Disparagement

50. Section 3A(b) of the Agreement contains a lawful and valid provision prohibiting disparagement of Massey by Mrs. Baker.

51. Following her termination from Massey, on May 30, 2024, Mrs. Baker willfully and maliciously published a false, defamatory review of Massey on the internet to virtually unlimited third parties through Glassdoor titled, "No Stars--Built For You to Fail."

52. Under the "pros" section of the review, Mrs. Baker wrote, "Zero accountability, ability to determine own schedule, job requirements largely based on who the general manager is at your service center."

53. Under the "cons" section of the review, Mrs. Baker wrote, "Not paid for work performed, poor leadership, you literally have to prove every single sale after the fact and then pray they pay you--sometimes several months after they should, sometimes never. Advice to Management - Do away with harmful policies that make it impossible for AM's to make a livable wage. Properly classify employees who are non-exempt and pay them appropriate overtime."

54. Mrs. Baker's libelous post and the allegations therein are resoundingly false.

---

[4] Massey's investigation of the extent of Mrs. Baker's unlawful use of Massey's confidential and proprietary information is ongoing.

55. Mrs. Baker knew that the post was patently false but acted maliciously and with the intent to harass and harm Massey.

<u>DESTRUCTION OF PROPERTY</u>

56. Mrs. Baker also executed the *Massey Standard of Conduct*, a true and correct copy of which is attached hereto as **Exhibit E**.

57. The Standard of Conduct contains a provision prohibiting the "[d]eliberate destruction or damage of Company products, machines, equipment, or vehicles." Ex. E, p. 4.

58. Upon her termination from Massey, Mrs. Baker returned her Massey-issued laptop in an unusable condition, as same no longer powers on and is excessively scratched on the LCD cover and bottom.

59. Based on information and belief, Mrs. Baker willfully and maliciously destroyed the laptop prior to returning same to Massey, in material breach of the Standard of Conduct, and thereby damaging Massey.

60. As a result, Mrs. Baker is liable to Massey for damages and Mrs. Baker's debt to Massey is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

WHEREFORE, MASSEY SERVICES, INC. requests that this Court enter a judgment in favor of Massey and against Mrs. Baker in amounts to be proven, plus interest and costs, award Massey's its reasonably attorneys' fees, and declare that Mrs. Baker's debt to Massey is non-dischargeable pursuant to 11 U.S.C. §523(a)(6).

> */s/ Michael S. Provenzale*
> Michael S. Provenzale
> Fla Bar No. 0056834
> W. Griffin Giroux
> Fla Bar. No. 1037783
> LOWNDES, DROSDICK, DOSTER,
> KANTOR & REED, P.A.
> Post Office Box 2809

Orlando, Florida 32802-2809
Telephone: 407-843-4600
Facsimile: 407-843-4444
E-mail:
michael.povenzale@lowndes-law.com
griffin.giroux@lowndes-law.com
*Counsel for Massey Services, Inc.*