# EXHIBIT A



## NON-COMPETITION, NON-SOLICITATION, AND CONFIDENTIALITY AGREEMENT (FLORIDA)

THIS NON-COMPETITION, NON-SOLICITATION, AND CONFIDENTIALITY AGREEMENT (FLORIDA) is made as of the 24 day of May, 2023, by and between MASSEY SERVICES, INC., a Florida corporation ("Massey") and Jacquelyn Turnage, ("Employee"), who currently resides at 5984 Sawgrass Point Dr Port Orange, FL 32128.

### RECITALS:

WHEREAS, Massey desires to employ (or continue to employ) Employee as an at-will employee of Massey and Employee desires to accept (or continue) employment with Massey on that basis;

WHEREAS, the parties acknowledge and agree that Massey would not be willing to enter into (or continue) an employment relationship with Employee unless Employee agrees to enter into this Non-Competition, Non-Solicitation, and Confidentiality Agreement ("Agreement"); and

WHEREAS, the Employee is agreeable to accept (or continue) employment with Massey on an at-will basis and subject to the restrictions on Employee's ability to compete against Massey during and after Employee's employment with Massey shall end, to preserve Massey's confidential information as defined herein in accordance with the terms of this Agreement, and on all other terms and conditions of employment required by Massey either as expressed here or elsewhere.

THEREFORE, and in consideration of the premises, agreements, and other good and valuable consideration set forth in this Agreement, the parties hereto agree as follows:

1. **EMPLOYMENT.** Employee shall be (or has been) employed by Massey as, and shall function in, such job title or capacity as may be assigned to Employee by Massey from time to time. While employed by Massey, Employee shall devote Employee's full time and best efforts to Massey and shall not engage in any other business or commercial activities, duties, or pursuits without specific written authorization from the President of Massey. Consistent with other employees at Massey, Employee will be employed by Massey at-will. Accordingly, Massey reserves its full rights as an employer, including the right to discharge the Employee with or without cause and Employee can resign at any time. Termination (or resignation) of employment for any reason will not abrogate or annul any provision of this Agreement or the Employee's obligations under this Agreement.

0045301\188794\9863126v1

## 2. CONFIDENTIALITY.

    A. <u>Confidential Information</u>. The Employee understands and acknowledges that during the course of employment by Massey, Employee will have access to and learn about confidential, trade secret, and proprietary documents, materials, data, and other information, in tangible and intangible form, of and relating to Massey and its businesses (including information about existing and prospective customers, suppliers, investors, and other associated third parties) ("<u>Confidential Information</u>" as more fully defined below). The Employee further understands and acknowledges that this Confidential Information and Massey's ability to reserve it for the exclusive knowledge and use of Massey is of great competitive importance and commercial value to Massey, and that any improper use or disclosure of the Confidential Information by the Employee will cause irreparable harm to Massey, for which remedies at law will not be adequate (and may also cause Massey to incur financial costs, loss of business advantage, liability under confidentiality agreements with third parties, civil damages, and criminal penalties).

    For purposes of this Agreement, "Confidential Information" includes, but is not limited to, all information not generally known to the public, in spoken, printed, electronic, or any other form or medium, relating directly or indirectly to: business processes, practices, methods, policies, plans, publications, documents, research, operations, services, strategies, training programs, techniques, agreements, contracts, terms of agreements, transactions, potential transactions, negotiations, pending negotiations, know-how, trade secrets, computer programs, computer software, applications, operating systems, formulations, applications, software design, web design, work-in-process, databases, device configurations, embedded data, compilations, metadata, technologies, manuals, records, articles, systems, material, sources of material, supplier information, vendor information, financial information, results, accounting information, accounting records, legal information, marketing information, advertising information, pricing information, proprietary information, credit information, design information, methods of doing business, payroll information, staffing information, personnel information, employee lists, supplier lists, vendor lists, developments, reports, internal controls, graphics, drawings, sketches, market studies, sales information, revenue, costs, communications, product plans, designs, styles, models, ideas, audiovisual programs, inventions, unpublished patent applications, original works of authorship, discoveries, experimental processes, experimental results, specifications, customer information, customer lists, customer or client information, client lists of Massey or its businesses or any existing or prospective customer, supplier, client, investor, or other associated third party, or of any other person or entity that has entrusted information to Massey in confidence.

    The Employee understands that the above list is not exhaustive, and that Confidential Information also includes all other information that is marked or otherwise identified as confidential or proprietary, or that would otherwise appear to a reasonable person to be confidential or proprietary in the context and circumstances in which the information is known or used.

    The Employee understands and agrees that Confidential Information developed by the Employee in the course of the Employee's employment by Massey shall be subject to the terms and conditions of this Agreement as if Massey furnished the same Confidential Information to the Employee in the first instance. Confidential Information shall not include information that is

generally available to and known by the public, provided that such disclosure to the public is through no direct or indirect fault of the Employee or person(s) acting on the Employee's behalf.

    B.    **Disclosure and Use Restrictions.**

        (i)    Employee agrees and covenants:

            (a)    to treat all Confidential Information as strictly confidential;

            (b)    not to directly or indirectly disclose, publish, communicate, or make available Confidential Information, or allow it to be disclosed, published, communicated, or made available, in whole or part, to any entity or person whatsoever, including other employees of Massey not having a need to know and authority to know and to use the Confidential Information in connection with the business of Massey and, in any event, not to anyone outside of the direct employ of Massey (except as required in the performance of any of the Employee's authorized employment duties on behalf of Massey) (and only after execution of a confidentiality agreement by the third party with whom Confidential Information will be shared) (or with the prior written consent of an authorized officer acting on behalf of Massey) and then, such disclosure shall be made only within the limits and to the extent of such duties or consent; and

            (c)    not to access or use any Confidential Information, and not to copy any documents, records, files, media, or other resources containing any Confidential Information, or remove any such documents, records, files, media, or other resources from the premises or control of Massey, (except as required in the performance of any of the Employee's authorized employment duties on behalf of Massey or with the prior written consent of an authorized member acting on behalf of Massey) in each instance and then, such disclosure shall be made only within the limits and to the extent of such duties or consent. The Employee understands and acknowledges that the Employee's obligations under this Agreement regarding any particular Confidential Information begin immediately and shall continue during and after the Employee's employment by Massey until the Confidential Information has become public knowledge other than as a result of the Employee's breach of this Agreement or a breach by those acting in concert with the Employee or on the Employee's behalf.

        (ii)    Permitted disclosures.

            (a)    Nothing in this Agreement shall be construed to prevent disclosure of Confidential Information as may be required by applicable law or regulation, or pursuant to the valid order of a court of competent jurisdiction or an authorized government agency, provided that the disclosure does not exceed the extent of disclosure required by such law,

regulation, or order. The Employee shall promptly provide written notice of any such order to an authorized member of Massey.

(b) Nothing in this Agreement prohibits or restricts the Employee (or Employee's attorney) from initiating communications directly with, responding to an inquiry from, or providing testimony before any court or regulatory body pursuant to a valid subpoena, after notifying Massey of such testimony within 24 hours of Employee's receipt of such a subpoena.

(iii) Nothing in this Agreement in any way prohibits or is intended to restrict or impede the Employee from discussing the terms and conditions of employment at Massey with coworkers or union representatives, exercising protected rights under Section 7 of the National Labor Relations Act (NLRA), or exercising protected rights to the extent that such rights cannot be waived by this Agreement.

C. Duration of Confidentiality Obligations. The Employee understands and acknowledges that Employee's obligations under this Agreement with regard to any particular Confidential Information shall commence immediately upon the Employee first receiving or having access to such Confidential Information (whether before or after Employee begins employment by Massey) and shall continue during and after Employee's employment by Massey until such time as such Confidential Information has become public knowledge other than as a result of the Employee's breach of this Agreement or breach by those acting in concert with the Employee or on the Employee's behalf.

Employee agrees to hold all Confidential Information furnished hereunder in complete and strict confidence, to use such Confidential Information only for purposes of performing Employee's job duties exclusively for Massey, and to not, at any time, directly or indirectly, use such Confidential Information for any other purpose without the prior written consent of Massey. Employee will use Employee's best efforts to keep the Confidential Information secret and confidential and will take such actions as are reasonably necessary to ensure that the Confidential Information is not obtained by any other person or entity or in any manner whatsoever, without the prior written consent of Massey.

Employee further acknowledges and agrees that such Confidential Information is vital to Massey's business and Employee therefore affirms Employee's obligations under this Agreement and under the terms of Massey's Employee Handbook to maintain and preserve the confidentiality of all Massey's Confidential Information. Employee also recognizes and agrees that Massey has made reasonable efforts to protect the confidentiality of Massey's Confidential Information and that Massey derives independent economic value, both actual and potential, from its Confidential Information not being generally known to, and not being readily ascertainable by proper means by, other persons or entities who could obtain economic value.

Page 4 of 9

0045301\188794\9863126v1

3. COMPETITION AFTER EMPLOYMENT TERMINATION.

   A. <u>Restrictions on the Employee's Post-Employment Activities</u>. The restrictions in this paragraph have been negotiated, presented to, and accepted by the Employee. Massey's decision to enter into this Agreement is conditioned upon the Employee's agreement to be bound by the restrictions contained in this paragraph.

   (i) <u>Promise of no solicitation of or service to customers</u>. The Employee understands and acknowledges that because of the Employee's access to Massey's customers, clients, and prospects (all collectively, Massey's "<u>Customer Information</u>"), entry into this Agreement is required. For purposes of this Agreement, "Customer Information" includes, but is not limited to, names, phone numbers, addresses, email addresses, order history, order preferences, chain of command, pricing information, and other information identifying facts and circumstances specific to any customer or client of or prospective customer or client of Massey. The Employee understands and acknowledges that loss of any such Customer Information or goodwill will cause significant and irreparable harm to Massey.

   The Employee agrees and covenants, that during Employee's employment and for a period of two (2) years after the cessation of Employee's employment, whether initiated for any reason or no reason, by the Employee or Massey, not to, directly or indirectly, solicit, contact, or attempt to solicit or contact, using any form of oral, written, or electronic communication, including, but not limited to, email, regular mail, express mail, telephone, fax, text message, or instant message, or social media, including but not limited to Facebook, LinkedIn, Instagram or Twitter, or any other social media platform, whether or not in existence at the time of entering into this Agreement, or meet with, Massey's current, former, or prospective customers or clients for purposes of offering or accepting goods or services similar to or competitive with those offered by Massey. Similarly, Employee agrees not to perform, directly or indirectly, any service or services similar to or competitive with those offered by Massey to any current or former customer of Massey for two (2) years after the cessation of Employee's employment with Massey.

   (ii) <u>Promise of no competition</u>. Because of Massey's legitimate business interests as described in this Agreement and the good and valuable consideration offered to the Employee, the receipt and sufficiency of which is acknowledged, during the term of Employee's employment and for the period of two (2) years from the last day of the Employee's employment with Massey (the "<u>Restricted Period</u>"), whether initiated for any reason or no reason, by the Employee or Massey, the Employee agrees and covenants not to engage in Prohibited Activity within any zip code in which Employee worked or provided any services to Massey's customers in the twelve (12) months prior to the last day of the Employee's employment with Massey ("<u>Restricted Territory</u>"). Alternatively, if Employee is employed by Massey as an Officer, Regional or Divisional Manager, or Corporate Director then Employee covenants and agrees not to engage in Protected Activity within 100 miles of any office or service center operated by Massey (including any entity

Massey acquires or has identified for possible acquisition during Employee's employment with Massey) at any time within the 12 month period prior to the Employee's last day of employment with Massey ("Executive Employee's Restricted Territory").

    (a)    For purposes of this non-compete clause, "Prohibited Activity" is any activity in which the Employee contributes the Employee's knowledge, work effort, intellectual effort or creative effort, directly or indirectly, in whole or in part, as an Employee, employer, owner, operator, manager, advisor, consultant, contractor, agent, partner, director, stockholder, officer, investor, joint venture partner, volunteer, intern, or in any other capacity whatsoever to an individual or entity engaged in the same or similar business as Massey, including those engaged in the business of providing, selling, marketing, distributing products or services of a similar nature, kind, or variety as offered by Massey during Employee's employment with Massey.

    (iii)    <u>Promise of no solicitation of employees</u>. The Employee agrees and covenants not to directly or indirectly solicit, hire, recruit, or attempt to solicit, hire, or recruit, any employee or contractor of Massey or any employee or contractor of Massey who has been employed by or contracted with Massey in the twelve (12) months preceding the last day of Employee's employment (collectively, "<u>Covered Employee</u>"), or induce the cessation of employment of any Covered Employee for a period of two (2) years, beginning on the last day of the Employee's employment with Massey, regardless of the reason for the employment cessation. This non-solicitation provision explicitly covers all forms of oral, written, or electronic communication, including, but not limited to, communications by email, regular mail, express mail, telephone, fax, text message, instant message, and social media, including, but not limited to, Facebook, LinkedIn, Instagram, and Twitter, and any other social media platform, whether or not in existence at the time of entering into this Agreement. This paragraph does not restrict or impede, in any way, and shall not be interpreted or understood as restricting or impeding, the Employee from discussing the terms and conditions of Employee's employment with co-workers or union representatives/exercising Employee's rights under Section 7 of the National Labor Relations Act (NLRA)/exercising protected rights that cannot be waived by this Agreement.

    (iv)    <u>Promise of non-disparagement</u>. The Employee agrees and covenants that Employee will not at any time make, publish, or communicate to any person or entity or in any public forum any defamatory or disparaging remarks, comments, or statements concerning Massey or any of its members, owners, shareholders, employees, officers, and existing and prospective customers, suppliers, investors, and other associated third parties. Nothing herein is intended to restrict the Employee from testifying truthfully in response to any lawfully served subpoena or other legal process, or restricting Employee's rights under Section 7 of the National Labor Relations Act (NLRA).

(v)     Acknowledgment. The Employee acknowledges and agrees that: (i) Employee's services to be rendered to Massey are of a special and unique character; (ii) that Employee will obtain specialized training, knowledge, and skill relevant to Massey's industry, methods of doing business, and marketing strategies by virtue of the Employee's employment; and (iii) that the restrictive covenants and other terms and conditions of this Agreement are reasonable and reasonably necessary to protect the legitimate business interests of Massey. Further, the Employee expressly acknowledges that the restrictions upon Employee contained in this Agreement are reasonable and necessary to accomplish the mutual objectives of the parties, to protect Massey's legitimate business interests, and to protect its business and business relationships. The Employee acknowledges that enforcement of the restrictions contained herein will not deprive Employee of the ability to earn a reasonable living and that any violation of the restrictions contained in this Agreement by Employee will cause irreparable injury to Massey. Both parties agree that a violation of Paragraph 3 is likely to cause immediate and irreparable harm that will give rise to the need for court-ordered injunctive relief. In the event of a breach or threatened breach by Employee of any provision of this Paragraph 3, Massey shall be entitled to obtain an injunction restraining the Employee from violating the terms of this Agreement and also to institute an action against the Employee to recover damages from Employee for such breach if permitted by law. These remedies for default or breach are in addition to any other remedy or form of redress provided under Florida law.

(vi)    Modification by Court, if necessary. It is specifically agreed by the parties hereto that if any portion of the restrictive covenants set forth in this Agreement are held to be invalid, unreasonable, arbitrary, or against public policy by a Court, then the Court shall modify such restriction and enforce it to the fullest extent deemed reasonable by the Court as each such covenant shall be considered divisible both as to time, geographical area, and any other relevant feature, with each month of a specified period being deemed a separate period of time and each geographical market area being deemed a separate geographical area, it being the intention of the parties that a lesser period of time, geographical area, or other relevant feature shall be enforced against the Employee.

(vii)   Remedies. In the event of a breach or threatened breach by the Employee of any of the provisions of this Agreement, the Employee hereby consents and agrees that Massey shall be entitled to, in addition to other available remedies, a temporary or permanent injunction or other equitable relief against such breach or threatened breach from any court of competent jurisdiction, without the necessity of showing any actual damages and that money damages would not afford an adequate remedy and that the aforementioned equitable relief shall be in addition to, not in lieu of, legal remedies, monetary damages, or other available forms of relief. To the extent that a court finds that Employee breached this provision, Massey shall be entitled to full enforcement of the restraint determined by the Court to be reasonable, up to 24 months, regardless of when the Employee first breaches this Agreement or when the court determines that the Employee has breached the Agreement.

0045301\188794\9863126v1

4. **OWNERSHIP OF WORK PRODUCT.** All right, title, and interest in and to all plans, drawings, specifications, ideas, concepts, software, systems, reports, documentation, or other tangible work product produced by Employee for Massey ("Work Product") shall at all times be and remain vested in Massey. Employee shall deliver all originals and copies of the Work Product (whether completed or in process) to Massey upon the cessation of Employee's employment with Massey. Employee shall not retain, use, or disclose any of the Work Product to any entity or person without Massey's prior written consent. To the extent the Work Product includes copyrightable or patentable works, such works shall be considered "works for hire" and Massey shall at all times be considered the author, creator, or inventor thereof and Massey shall have all rights therein including without limitation the rights to reproduce, distribute, transfer, or prepare derivative works from the Work Product. To the extent the Work Product shall not be considered a "work for hire", Employee hereby assigns to Massey any and all rights Employee may have in the Work Product, including, without limitation, all patent rights, copyrights, and rights attendant thereto. In the event that it is necessary for Employee to join in or otherwise assist Massey in the registration of any of the Work Product, Employee shall cooperate with Massey and execute any and all documents deemed necessary by Massey to register, and otherwise protect and perfect Massey's rights and interests in, the Work Product.

5. **ASSIGNMENT.** This Agreement may be assigned by Massey, but may not, in any way, manner or form, be assignable by Employee.

6. **NOTICES.** All notices, demands, and other communications required or permitted hereunder shall be in writing, sent by certified mail, return receipt requested, or actually delivered to the party or the address set forth below and addressed as follows:

If to Massey:

  Jean Grono-Nowry
  Executive Vice President and Chief
  Financial Officer
  Massey Services, Inc.
  315 Groveland Street
  Orlando, FL 32804

and with a copy to:

  Melody B. Lynch, Esquire
  215 N. Eola Drive
  Orlando, FL 32801
  Counsel to Massey Services, Inc.

If to the Employee:    *Jacquelyn Turnage*
           *5988 Sawgrass Point Dr*
           *Port Orange, FL 32128*

or such address or addresses as the parties shall designate in writing to each other.

7. GOVERNING LAW AND VENUE. The parties agree that this Agreement shall be governed by, construed, and enforced in accordance with the laws of the State of Florida and further agree that the venue for any legal action shall be in Orange County, Florida.

8. WAIVER OF JURY TRIAL. MASSEY AND EMPLOYEE HEREBY KNOWINGLY, VOLUNTARILY, AND IRREVOCABLY WAIVE ANY AND ALL RIGHT WHICH EITHER OF THEM MAY HAVE TO TRIAL BY JURY WITH RESPECT TO ANY PROCEEDING, LITIGATION, OR COUNTERCLAIM BASED ON, OR ARISING OUT OF, UNDER, OR IN CONNECTION WITH THIS AGREEMENT, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY HERETO.

9. BINDING EFFECT. The parties agree that this Agreement shall be binding upon, and inure to the benefit of, the parties hereto and their respective heirs, personal representatives, successors, and assigns.

10. WAIVER. The waiver by any party of any breach of this Agreement, whether in a single instance or repeatedly, shall not be construed as a waiver of any rights under this Agreement or to terminate the same because of similar or additional breaches. Further, such waiver shall not in any manner be construed as a waiver by any party to strictly adhere to the terms and conditions of this Agreement, nor as a defense to any claim of breach nor as a waiver of any claim for damages or other remedy by reason of such breach.

11. AMENDMENTS. This Agreement may be amended or modified at any time and in all respects, and any provisions may be waived but only by an instrument in writing, and signed by Massey and the Employee.

12. ENTIRE AGREEMENT. This Agreement constitutes the entire agreement between the parties hereto, and there are no agreements, understandings, restrictions, warranties, or representations between the parties other than those set forth herein or herein provided for.

IN WITNESS WHEREOF, the parties have duly executed this Agreement as of the above written date.

EMPLOYEE

Printed name: Jacquelyn Turnage
Date: 05/24/23

MASSEY SERVICES, INC.

By: Van DeNicola
Its: General Manager
Date: 5/28/23